DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of robbery and imposed a term of incarceration. For the following reasons, the judgment of the trial court is affirmed in part, reversed in part and remanded to the trial court for a new sentencing hearing.
 {¶ 2} Appellant sets forth three assignments of error:
 {¶ 3} "Assignment of Error I:
 {¶ 4} "Custodia Mota's due process rights were violated when his attorney acted as his counsel and as the translator. Even if not a due process violation, the trial court erred by not establishing that defense counsel was competent to act as a Spanish-English translator for court proceedings.
 {¶ 5} "Assignment of Error II:
 {¶ 6} "The trial court failed to establish, pursuant to Crim.R. 11(C)(2)(a), that Custodia-Mota was knowingly and voluntarily entering his plea of guilty.
 {¶ 7} "Assignment of Error III:
 {¶ 8} "The trial court improperly made findings of fact thereby unconstitutionally increasing Custodia Mota's sentence."
 {¶ 9} Appellant was originally charged with one count of aggravated robbery with a firearm specification, and one count of robbery. On October 12, 2004, appellant entered a plea of guilty to robbery in violation of R.C. 2911.02(A)(2). The aggravated robbery count and firearm specification were dismissed and appellant's plea was accepted. Appellant was sentenced to six years incarceration.
 {¶ 10} Because appellant's first two assignments of error raise similar issues of law and fact, we will address them together. Appellant, whose native language is Spanish, asserts in his first assignment of error that his due process rights were violated when his attorney served as his translator. He also asserts the trial court erred by not determining that counsel was competent to act as an interpreter. In his second assignment of error, appellant asserts the trial court failed to properly establish that he was knowingly and voluntarily entering his plea of guilty. Appellant does not dispute that his trial counsel speaks Spanish fluently. The record of the plea hearing shows that the court raised this issue at the beginning of the hearing when it asked counsel if he had any difficulty communicating with appellant in Spanish. Counsel replied that he did not. The court then asked counsel if appellant had limited knowledge of the English language. Counsel replied, "Yes, he does, Your Honor. So when you are explaining everything, I will have to translate, so it's going to take additional time."
 {¶ 11} The following dialog ensued:
 {¶ 12} "THE COURT: Mr. Custodia-Mota, now I just want to talk to you for a moment. Do you understand me when I'm talking toyou?
 {¶ 13} "MR. CUSTODIA-MOTA: Yes.
 {¶ 14} "THE COURT: You just translated it into Spanish, but we conversed, have we not, the two of us?
 {¶ 15} "MR. CUSTODIA-MOTA: Yes.
 {¶ 16} "THE COURT: We talked. You understand a littleEnglish?
 {¶ 17} "MR. CUSTODIA-MOTA: I understand English, but I prefer whatever you have to tell me about this case I prefer be in my language.
 {¶ 18} "THE COURT: I appreciate that, and we'll do that. But I just want, for the record, that we have had some dialog.
 {¶ 19} "MR. CUSTODIA-MOTA: All right. No problem.
 {¶ 20} "THE COURT: Your lawyer has talked to you in Spanish.Have you had any difficulty understanding him?
 {¶ 21} "MR. CUSTODIA-MOTA: No, no, no, he speak fluentlySpanish." (Emphasis added.)
 {¶ 22} After ascertaining appellant had never been on probation, parole, post release control or community control, the trial court read appellant the charge against him. Through counsel, appellant then explained in detail his role in the robbery. We note that twice during the colloquy appellant corrected his attorney in English, indicating that he was paying attention and comprehending the questions and answers as they transpired in English. The trial court proceeded with the plea and appellant's counsel continued to translate.
 {¶ 23} "In a criminal case, the defendant is entitled to hear the proceedings in a language he can understand." State v.Razo, 9th Dist. No. 03CA008263, 2004-Ohio-3405, at ¶ 4, citingState v. Pina (1975), 49 Ohio App. 2d 394, 399. Nevertheless, the trial court has the discretion to determine whether the defendant requires an interpreter for assistance. State v. Saah
(1990), 67 Ohio App. 3d 86, 95; State v. Quinones (Oct. 14, 1982), 8th Dist. No. 44463. Accordingly, an appellate court will not disturb a decision of the trial court regarding the need for an interpreter absent an abuse of discretion. Id. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St. 3d 619, 621, 1993-Ohio-122.
 {¶ 24} Evid.R. 604 states that "an interpreter is subject to the provisions of these rules relating to the qualification as an expert and the administration of an oath or affirmation that he will make a true translation." Although Evid.R. 604 provides that "an interpreter be administered an oath or affirmation that she will make a true translation[,] * * * the primary concern regarding a `functionary' such as an interpreter is one of qualifications, not veracity or fidelity." State v. Ruiz (Mar. 16, 1994), 9th Dist. No. 16063. See United States v. Perez
(C.A.5, 1981), 651 F.2d 268, 273. In this case, appellant's counsel was not sworn in as an interpreter. However, counsel was an officer of the court with all the obligations attendant thereto. Moreover, appellant has not demonstrated that his counsel was not properly qualified to translate or that he lacked veracity. At no time did appellant express concern that he was not able to understand counsel's explanations. See Ruiz, supra. In fact, at one point during the plea hearing, appellant stated that his attorney speaks Spanish "fluently." We believe that in most cases a qualified attorney who is expert in a foreign language will guarantee his client due process better than an interpreter ignorant of the law. Based on the record in this case, we cannot find that the trial court abused its discretion by failing to appoint an independent interpreter.
 {¶ 25} Appellant also asserts the trial court failed to establish, pursuant to Crim.R. 11(C)(2)(a), that his plea was entered knowingly and voluntarily. Appellant appears to base this claim on his alleged language barrier as well.
 {¶ 26} Crim.R. 11(C) governs the trial court's acceptance of a guilty plea to a felony offense. Particularly, this rule provides, in relevant part:
 {¶ 27} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 28} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 29} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 30} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 31} In order to comply with this rule, the trial court must determine whether the defendant completely understands the ramifications of entering a plea of guilty. State v. Duran-Nina
(Oct. 30, 1997), 8th Dist. Nos. 71159 and 71160. Accordingly, to determine his understanding, the trial court must engage in an oral dialogue with the defendant. Id.; State v. Caudill (1976),48 Ohio St.2d 342, paragraph two of the syllabus.
 {¶ 32} Although courts should strive to literally comply with Crim.R. 11, the Supreme Court of Ohio has articulated, "a trial court in accepting a plea of guilty, need only substantially comply with the mandates of Crim.R. 11(C)." Duran-Nina, supra, citing State v. Stewart (1977), 51 Ohio St. 2d 86, 92; Statev. Nero (1990), 56 Ohio St. 3d 106, 107.
 {¶ 33} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made." (Citations omitted.) Nero,56 Ohio St. 3d at 108 .
 {¶ 34} Appellant asserts there are "too many gaps" in the record for this court to find that he fully understood his rights and knowingly entered his plea. Appellant does not explain the nature of the "gaps." He also states that the record could indicate he had an "expectation" of receiving community control and he infers he may have been confused as to that possibility when he entered his plea. At no time during the court's explanation of appellant's rights pursuant to Crim.R. 11 did appellant indicate confusion or uncertainty about the proceedings. Appellant stated on the record that he understands English. He could have expressed confusion at any time. Rather, the colloquy between the trial court and appellant at the plea hearing illustrates that the trial court thoroughly addressed appellant, in accordance with Crim.R. 11(C), and that appellant did understand, as he affirmatively answered each question posed by the trial court without requesting an explanation. At the conclusion of the hearing, the trial court asked appellant if he listened carefully as his lawyer read the plea agreement to him; appellant himself responded yes. The court asked if he had any questions concerning the document and appellant responded that he did not. Finally, the court asked him if he had any questions concerning what the judge indicated to him in court; he responded he did not. As such, there is no evidence in the record that appellant did not enter his plea knowingly, intelligently, or voluntarily, or that he would not have entered his plea if the court had appointed an interpreter. See Nero,56 Ohio St. 3d at 108.
 {¶ 35} Based on the foregoing, appellant's first and second assignments of error are not well-taken.
 {¶ 36} In his third assignment of error, appellant asserts the trial court improperly made findings of fact to support imposing a greater-than-minimum sentence. Appellant was convicted of robbery, which is a second-degree felony with a possible sentence ranging from three to eight years. Appellant was sentenced to six years imprisonment. In support, appellant citesUnited States v. Blakely (2004), 542 U.S. 296, which held that a sentencing court may not impose a non-minimum sentence based on factual findings neither admitted by the defendant nor found by a jury. In response to appeals based on Blakely, this court subsequently determined that the Blakely decision was not applicable to Ohio's sentencing statutes. See, e.g., State v.Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-217. However, in February 2006, the Supreme Court of Ohio held that portions of this state's sentencing statutes violated a defendant's Sixth Amendment right to a trial by jury. State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. The court severed those statutes, thereby allowing trial courts full discretion when imposing prison sentences in most situations. Foster at ¶ 100. Foster
directed that any case pending on direct review at the time of its release be remanded to the trial court for a new sentencing hearing in accordance with its holding. Foster at ¶ 104.Foster was decided on February 27, 2006; appellant's appeal was pending before this court at that time.
 {¶ 37} Appellant was sentenced several months after Blakely
was released but he did not raise a Blakely objection to his sentence in the trial court. Despite appellant's failure to raise the issue in the trial court, we must remand for a new sentencing hearing in accordance with Foster since his appeal was pending when Foster was decided. Accordingly, appellant's third assignment of error is well-taken.
 {¶ 38} We note that several Ohio appeals courts have held that a defendant waives a Blakely challenge to his sentence on appeal if he was sentenced after Blakely was decided, as appellant was, but did not raise the issue in the trial court. See, e.g., State v. Jones, 9th Dist. No. 22811, 2006-Ohio-1820;State v. Payne, 10th Dist. No. 05AP-517, 2006-Ohio-2552. Because our decision is in conflict with the judgments of the courts in Jones and Payne, supra, on the issue of whether a defendant waives his right to appeal his sentence by failing at the trial court level to object to the sentence or assert that the sentencing statutes are unconstitutional, we certify the record of this case to the Supreme Court of Ohio for review and final determination on that issue.
 {¶ 39} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed as to appellant's conviction but reversed as to his sentence and remanded for a new sentencing hearing in conformity with Foster, supra. Costs of this appeal are assessed to the parties equally. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Skow, J. Parish, J. concur.