[Cite as *State v. Lopez*, 2011-Ohio-6743.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2011CA00040 |
| FRANCISCO LOPEZ | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas Case No. 2008CR2234C


JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      December 27, 2011


APPEARANCES:


For Plaintiff-Appellee:                For Defendant-Appellant:

JOHN D. FERRERO                        JONATHAN A. BARTELL
PROSECUTING ATTORNEY,                  700 W. St. Clair Ave., Suite 214
STARK COUNTY, OHIO                     Cleveland, Ohio  44113


By: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Hoffman, P.J.*

{¶1} On February 20, 2009, the Stark County Grand Jury indicted Appellant, Francisco Lopez, on one count of felonious assault, in violation of R.C. 2903.11(A)(1), a second degree felony. The trial court permitted the State to amend the indictment to aggravated assault, in violation of R.C. 2903.12, a fourth degree felony. On March 20, 2009, Appellant pled guilty as charged in the amended indictment. Thereafter, the trial court accepted the plea and sentenced Appellant to 6 months in prison. Appellant did not file a direct appeal.

{¶2} On November 19, 2010, Appellant filed a motion to vacate his guilty plea. On January 19, 2011, the trial court denied the motion without hearing.

{¶3} It is from that decision Appellant prosecutes this appeal assigning as error:[1]

{¶4} "I. THE TRIAL COURT ERRED BY DENYING A HEARING FOR MR. LOPEZ'S MOTION TO VACATE GUILTY PLEA WHEN AT THE TIME OF THE PLEA THE COURT FAILED TO PROVIDE THE ADVISORY LANGUAGE PURUSANT TO O.R.C. §2943.031 THAT THE GUILTY PLEA MAY RESULT IN ADVERSE IMMIGRATION STATUS CHANGE.

{¶5} "II. THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE THAT UNDER THE SUPREME COURT'S HOLDING IN *PADILLA V. KENTUCKY* A DECISION MAY BE VACATED BECAUSE OF INEFFECTIVE LEGAL ASSISTANCE.

{¶6} "III. THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE A CONFLICT OF INTEREST WHEN DEFENDANT'S ORIGINAL COUNSEL WAS

---

[1] While Appellant lists nine assignments of error on p. 4 of his Brief, he lists and argues only the three cited infra in his "ARGUMENT" section.

SIMULTANEOUSLY REPRESENTING THE OTHER CO-DEFENDANTS WITHOUT EXPRESS WRITTEN CONSENT."

I.

{¶7} Crim. R. 32.1 governs the withdrawal of a guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶8} An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse of discretion standard. *State v. Francis*, 104 Ohio St.3d 490, 820 N.E.2d 355, 2004-Ohio-6894, ¶ 32. (Citations omitted.)

{¶9} A hearing on a postsentence motion to withdraw a plea is not required if the facts, as alleged by the defendant and accepted as true by the court, would not require that the guilty plea be withdrawn. *State v. Wilkey*, 5th Dist. No. CT2005-0050, 2006-Ohio-3276, at ¶26 (citing *State v. Patterson*, 5th Dist. No. 2003CA00135, 2004-Ohio-1569).

{¶10} Appellant was born in Mexico and his first language is Spanish. Appellant was legally in the United States, but is not a United States citizen. He was represented in the underlying case by attorney Jose Iborra, who also represented co-defendant Sergio Bera Belmudes. Appellant signed a guilty plea form, which stated, in part: "I understand the consequences of a conviction upon me if I am not a U.S. Citizen."

{¶11} A transcript of the plea and sentencing hearing is provided in the record. The following portions are relevent to this appeal:

**{¶12}** "MR. IBORRA: Your Honor, if it pleases the Court, on behalf of each Mr. Belmudes and Mr. Lopez, I would indicate to the Court that I've had plenty of time to talk with each independently about the status of this case and the discussions that we've had and also the state's amended [sic], each of them, I've reviewed the plea forms with them.

**{¶13}** "Mr. Belmudes, just for the record, pretty much conversational in English.

**{¶14}** "Mr. Lopez understands a significant amount of English, but prefers that everything just be reaffirmed in Spanish.

**{¶15}** "I did review everything with them in Spanish; they each executed this form.

**{¶16}** "I believe we're prepared to go forward.

**{¶17}** "If the Court approves, I'll just translate to each of them as we go, making sure that there is no problems.

**{¶18}** "THE COURT: And you feel comfortable with that arrangement and you've been able to communicate fully?

**{¶19}** "MR. IBORRA: Yeah, there has been no problem with communication.

**{¶20}** "Ah, I've explained to Mr. Lopez, who at one time in this case was set for trial, explained to him that, you know, an interpreter would be necessary, because I'm just way too distracted trying, during the trial to do that, but he understands that I'm serving as both counsel and interpreter for purposes of this plea and he consented to that." March 20, 2009 T. at 4-5.

**{¶21}** Thereafter, the trial court engaged in a Crim. R. 11 colloquy with the defendants, with Mr. Iborra translating for the defendants in Spanish the words spoken

in English by the court.  Mr. Iborra responded in English to the court's questioning, however, the transcript at most points does not indicate that the defendants verbally responded in either English or Spanish to the court's questioning after Attorney Iborra's translation.  In addition, several responses by Mr. Iborra in the colloquy were collective conclusions such as, 'they understand'.

{¶22} Near the conclusion of the colloquy, the court stated:

{¶23} "THE COURT: The Court is going to issue a sentence - - well, there is one other thing I need to do.  I need to make sure they both understand this.  Because both Mr. Lopez and Mr. Belmudes are legally in the United States, but neither are U.S. citizens.

{¶24} "MR. IBORRA: That's correct.

{¶25} 'THE COURT: Correct? Let me then also, I do need to warn you that, both of you - -

{¶26} " - - - - - - - -

{¶27} "(Thereupon, Attorney Iborra translated for the defendants in Spanish the words spoken by the Court.)

{¶28} "- - - - - --

{¶29} "THE COURT: -- if you are not a citizen of the United States, you are hereby advised that the conviction of this particular criminal offense by pleading guilty this could have consequences of being deported or being excluded from admission to the United States or denial of naturalization pursuant to the law of the United States.

{¶30} "Do you both understand that?

{¶31} "MR. IBORRA (after translation):  They both understand.

{¶32} THE COURT: "And I would indicate Mr. Belmudes said, Yes, and Mr. Lopez said, Yes. Does that in any way change either of your, ah, intentions or either of you wanting to plead guilty?

{¶33} MR. IBORRA (after translation): No - -

{¶34} THE COURT: No?

{¶35} "MR. IBORRA: - - To Mr. Belmudes. No to Mr. Lopez.

{¶36} "THE COURT: Thank you. So therefore, Mr. Belmudes, your plea of guilty is still guilty; is that correct?

{¶37} "DEFENDANT BELMUDES: Yes.

{¶38} "THE COURT: Thank you. And Mr. Lopez, you still wish to plead guilty?

{¶39} "DEFENDANT LOPEZ: Yes.

{¶40} "THE COURT: Thank you. The Court will accept those." March 20, 2009 T. at 22-25.

{¶41} Appellant's November 19, 2010 motion to withdraw the guilty plea sets forth the following reasons for his request:

{¶42} (1) A conflict of interest was created when the criminal defense attorney represented the two co-defendants in the case without the proper informed consent;

{¶43} (2) the criminal attorney improperly served as both legal representative and the interpreter at the time the plea was taken;

{¶44} (3) the defendant did not receive the statutory advisement language as set forth in R.C. 2943.031(A) in Spanish; and

{¶45} (4) the defendant was denied the effective assistance of counsel as counsel did not inform him the plea may carry immigration consequences.

{¶46} The trial court denied the motion to withdraw the plea without hearing, stating: "It is clear from the review of the record that the defendant was adequately represented and fully understood the nature of the proceedings and was fully advised concerning the potential for *deportation*." (Emphasis added.) January 19, 2011 Judgment Entry.

{¶47} On appeal, Appellant's assignments of errors collectively challenge the manner in which the underlying plea was taken, namely the issues of meaningful translation and adequacy of legal representation as to the consequences of exclusion. After serving his jail sentence, Appellant apparently travelled to Mexico and learned upon his return that he is subject to exclusion from the United States because of his conviction. Appellant states that exclusion, as opposed to deportation, means a legal permanent resident traveling abroad may not reenter without being placed in formal removal proceedings. Deportation, on the other hand, triggers certain procedural constitutional safeguards and occurs without the person having left the United States. Appellant contends the trial court "sole focus on the term 'deportation'" demonstrates a misunderstanding as to the immigration consequences faced by the Appellant as a result of the plea.

{¶48} At the outset, we note this appeal implicates both R.C. 2943.031[2], which supplies the language a trial court accepting a plea of guilty or no contest is to use to

---

[2] R.C. 2943.031 states: "Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement: " 'If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.' "

warn a noncitizen criminal defendant of the possible consequences (deportation, exclusion, or denial of naturalization) of a criminal conviction, and the full and proper translation of this statutory requirement to a defendant who is limited English proficient.

{¶49} In this case, the trial court relied upon Mr. Iborra to function as a translator, apparently with the consent [albeit unconfirmed] of the Appellant. The record is devoid of any indication that Mr. Iborra is a certified court interpreter or possesses the skills, knowledge, and ability to serve as a court interpreter.

{¶50} The State finds *State v. Mota,* 6th Dist. App. No. L-04-1354, 2006-Ohio-3800 instructive for the proposition it is not error for defense counsel to act as an interpreter even when there was no indication on the record he was certified.  We find the underlying rationale in *Mota* persuasive even though in *Mota*, the trial court engaged the defendant in a direct conversation about his understanding and command of the English language and his ability to understand his counsel and the defendant conceded his counsel spoke fluent Spanish – both of which are absent in the case sub judice. The Sixth District Court of Appeals found no due process violation because "[a] qualified attorney who is expert in foreign language will guarantee his client due process better than an interpreter ignorant in the law."  Id. at ¶ 24.

{¶51} Since *Mota*, the Ohio Supreme Court has issued guidelines for the judiciary to establish interpreter qualifications and the necessity of interpreter services. See, *The Supreme Court of Ohio, Interpreters in the Judicial System: A Handbook for Ohio Judges.* In addition, Rules 80 to 87 the Ohio Rules of Superintendence were promulgated in January 1, 2010, to establish certification for foreign language interpreters. See also, *City of Columbus v. Lopez-Antonio*, 153 Ohio Misc.2d 4, 914

N.E.2d 464, 2009-Ohio-4892, for summary of a defendant's constitutional, procedural and statutory rights to an interpreter.

{¶52} Based upon the record noted supra, we do not find the trial court abused its discretion in finding no manifest injustice is evident from the record and a hearing was not necessary. Contrary to his claim, the record reflects Appellant was advised of the possibility of exclusion.[3]　Appellant's argument is premised on inconvenience, not innocence, and does not rise to the level of manifest injustice.

{¶53} Appellant's first assignment of error is overruled.

II

{¶54} Herein Appellant asserts the record does not reflect his counsel fully translated the advisory language in R.C. 2943.031.　Appellant does not identify where in the record the alleged incomplete translation can be found.　As noted in our discussion of his first assignment of error, the record supports the conclusion he was advised of the possibility of exclusion.

{¶55} Appellant's reliance on *Padilla v. Kentucky*, ____U.S. _____, 130 S.Ct. 1473 (2010) is misplaced as *Padilla* is significantly distinguishable.[4]　In *Padilla*, the defendant's attorney advised him he did not have to worry about immigration status despite the fact the charge against him required mandatory deportation.　No such improper advice has been shown in this case.

{¶56} Appellant's second assignment of error is overruled.

---

[3] We note Appellant's self-serving affidavit and that of his wife were not filed with his motion to vacate his plea.

[4] See the Court's opinion in State v. Gallegos-Martinez for a similar discussion and distinguishment of *Padilla*.

III

**{¶57}** Herein Appellant claims the trial court erred by not "recognizing" his counsel had a conflict of interest because he also represented Appellant's co-defendant, Sergio Bera Belmudes.

**{¶58}** There is no demonstration in this record either Appellant or his co-defendant had conflicting defenses available or statements were made by Belmudes implicating Appellant.

**{¶59}** Furthermore, it would appear this issue could have been raised on direct appeal and is therefore barred by res judicata. We find the mere allegation of a conflict of interest insufficient to demonstrate a manifest justice sufficient to require the withdrawal of Appellant's plea.

**{¶60}** Appellant's third assignment of error is overruled.

**{¶61}** The judgment of the trial court is affirmed.

By: Hoffman, P.J.

Wise, J. concurs,

Delaney, J. dissents

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ John W. Wise
HON. JOHN W. WISE


HON. PATRICIA A. DELANEY

*Delaney, J., dissenting*

{¶62} I respectfully dissent from the majority opinion.

{¶63} I do not find persuasive the decision of the Sixth District in *State v. Mota*, 6th Dist. No. App. No. L-04-1354, 2006-Ohio-3800, particularly in light of the Ohio Supreme Court's recent issuance of guidelines for the judiciary to establish interpreter qualification and the necessity of interpreter services.

{¶64} Furthermore, R.C. 2311.14(A)(1) states: "Whenever because of a hearing, speech or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person."

{¶65} The need for a qualified interpreter in felony cases is constitutionally required by Crim.R. 11(C) which requires a trial court to "determine that the defendant *understands* the nature of the charge, the maximum penalty involved, and the effect of the plea." (Emphasis added.)

{¶66} In this case, the trial court did not directly address Appellant in regards to his ability to understand English and to understand his counsel, nor does the record reflect the interpreter qualifications of Mr. Iborra.

{¶67} Because the possibility of a manifest injustice is evident from the record, I would find a hearing, as requested, would be necessary to address the assertions in support of the motion to withdraw the plea.

**{¶68}** Given the serious impact of exclusion as a consequence of the criminal plea upon the defendant and his family lawfully living in this country, I would sustain Appellant's first Assignment of Error and remand this case to the trial court for an oral hearing.


s/ Patricia A. Delaney _____
JUDGE PATRICIA A. DELANEY

[Cite as *State v. Lopez*, 2011-Ohio-6743.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| FRANCISCO LOPEZ | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2011CA00040 |
| | : | |

For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise _____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY