[Cite as *State v. Ramallo*, 2016-Ohio-5544.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-15-1236

    Appellee                                  Trial Court No. CR0201202995

v.

Hugo Ramallo                              **DECISION AND JUDGMENT**

    Appellant                                 Decided:  August 26, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

Hugo Ramallo, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant from the judgment of the Lucas

County Court of Common Pleas.  A brief procedural history is educative.  On direct

appeal, this court, in case No. L-14-1026, remanded the case to the trial court for the

limited purpose of conducting a hearing and establishing a record to enable the trial court to make a finding of appellant's ability to pay for his costs of confinement or appointed counsel fees.

{¶ 2} On remand, by entry journalized on August 20, 2015, the trial court ordered that all costs were to be waived and further, the court specifically found that appellant could not reasonably be expected to have the means to pay the costs of prosecution.

{¶ 3} The record further reflects that an interpreter was appointed and present on behalf of appellant at the remand hearing conducted on August 6, 2015.

{¶ 4} Appellate counsel was appointed. Appellant appeals from that judgment entry.

{¶ 5} Appointed counsel has filed a brief and requested leave to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under Anders, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, he should so advise the court and request permission to withdraw. *Id*. at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id*. In addition, counsel must provide appellant with a copy of the brief and request to withdraw, and allow appellant sufficient time to raise any additional matters. *Id*. Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous. *Id*.

2.

If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements. *Id*.

{¶ 6} In this case, appellant's appointed counsel has satisfied the requirements set forth in *Anders, supra*. This court further notes that appellant did file a pro se brief on his own behalf in this appeal. Appellee, state of Ohio, has filed a responsive brief.

{¶ 7} Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel. We have reviewed and considered the entire record from below including the transcript of all proceedings and journal entries and original papers from the Lucas County Court of Common Pleas as well as the briefs filed by counsel. Upon this review we will determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 8} Counsel refers to one possible, but ultimately indefensible, issue: (1) the trial court violated Appellant's right to Due Process by denying his right to a qualified interpreter.

{¶ 9} Specifically, the argument presented in support of this proposed assignment is that the interpreter Teo Zuniga, did not speak the Spanish language with a "Castilian" dialect.

{¶ 10} The record reflects that the interpreter was sworn by the court reporter at the remand hearing. The appellant's objection was noted. However, the court found that this was the same interpreter that served during the original proceedings and there were

3.

no objections to the interpreter during the course of the trial. The objection was overruled and the matter proceeded.

{¶ 11} It is well established that a defendant in a criminal case is entitled to hear the proceedings in a language he can understand. *State v. Mota*, 6th Dist. Lucas No. L-04-1354, 2006-Ohio-3800.

{¶ 12} Nevertheless, the trial court has the discretion to determine whether the defendant requires an interpreter for assistance. *State v. Saah*, 67 Ohio App.3d 86, 95, 585 N.E.2d 999 (1990); *State v. Quinones*, 8th Dist. No. 44463, 1982 Ohio App. LEXIS 11970 (Oct. 14, 1982). Accordingly, an appellate court will not disturb a decision of the trial court regarding the need for an interpreter absent an abuse of discretion. *Id.* An abuse of discretion is more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} Appellant has not demonstrated that the interpreter was not properly qualified to translate or that he lacked veracity. At no time did appellant express concern that he was not able to understand the interpreter's explanations. In fact, when the appellant was personally addressed by the trial court and asked specifically if he had anything to say, the appellant responded "No."

{¶ 14} Based on the record in this case, we cannot find that the trial court abused its discretion in appointing this interpreter and find this proposed assignment of error to be meritless.

4.

{¶ 15} Appellant has filed his own brief. He argues that he is from Argentina and that the dialect has a "twist" and some words have different sounds and different meanings. However, he does not articulate how this dialect adversely impacted the August 6, 2015 remand proceedings. All costs were suspended. To the extent that this argument is an assignment of error, it cannot be found well-taken.

{¶ 16} Appellant also presents additional arguments that claim the trial court did not personally address him at the proceedings and he was not given the opportunity to speak in mitigation. However, the transcript establishes that he was personally asked whether he had anything to say and that appellant, not the interpreter, answered "No."

{¶ 17} Appellant also presents an argument that the court failed to make proper findings to support the imposition of consecutive sentences. The August 6, 2016 proceeding was for the limited purpose of addressing appellant's ability to pay the costs assessed in the original sentencing. Although this issue was not before the trial court on this limited remand, our review of the original sentencing proceedings of January 27, 2014 and judgment entry journalized on February 11, 2014, establish that the court did indeed make these findings as required by R.C. 2929.14(C)(4). Likewise, to the extent that this argument is an assignment of error, it is also meritless.

**Conclusion**

{¶ 18} We have accordingly conducted an independent examination of the record pursuant to *Anders v. California* and have further considered appellant's proposed assignments of error and the arguments presented in appellant's pro se brief. The motion

5.

of counsel for appellant requesting to withdraw as counsel is granted, and we have determined this appeal to be wholly frivolous.

{¶ 19} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24.  The clerk is ordered to serve all parties, including the defendant if he has filed a brief, with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE