OPINION
{¶ 1} Defendant-appellant Snyder Tire Auto appeals the decision of the Steubenville Municipal Court, Small Claims Division, granting judgment in favor of plaintiff-appellee William Andress, Jr. in the amount of $3,000. The issue raised in this appeal is whether the statement "90 DAY WARRANTY PARTS ONLY NO REFUND — NO XCHANGE [sic]" is an expression that has a common understanding to a buyer that warranties are excluded and the implied warranty of merchantability is disclaimed. For the reasons stated below, the decision of the trial court is hereby affirmed.
 STATEMENT OF CASE {¶ 2} Andress bought a 250CC Rail Buggy from Snyder Tire 
Auto. The purchase invoice stated "90 DAY WARRANTY PARTS ONLY NO REFUND-NO XCHANGE. [sic]" Andress signed the invoice acknowledging that he had seen the warranty.
 {¶ 3} The Rail Buggy broke down three times. Andress returned it to Snyder Tire Auto for repairs twice. Snyder Tire Auto repaired it each time. After it broke the third time, Andress requested a full refund. Snyder Tire Auto refused to refund his money.
 {¶ 4} Andress then filed a compliant in the City of Steubenville Municipal Court, Small Claims Division. A hearing was held before a magistrate. After hearing all the evidence, the magistrate concluded that the Rail Buggy was "not merchantable within the understanding of the statute." 01/17/06 J.E. It further stated, "[t]he vehicle was expressly designed for off-road use and the Plaintiff [Andress] had a right to expect to be able to use the vehicle in that manner. It is also ridiculous to contend that goods were of sound merchantable quality when the Plaintiff was only able to use the vehicle for less than 25 hours." 01/17/06 J.E. The magistrate found in favor of Andress and rendered judgment against Snyder Tire Auto in the amount of $3,000, plus costs of the action. 01/17/06 J.E.
 {¶ 5} The Municipal Court reviewed the findings of the magistrate and accordingly ordered judgment against Snyder Tire 
Auto in the amount of $3,000 plus costs, with interest of 10% per Annum. 01/17/06 J.E.
 {¶ 6} Snyder Tire Auto appeals raising one assignment of error. No transcript of the hearing was filed with this court.
 ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST THE APPELLANT IN THE AMOUNT OF THREE THOUSAND DOLLARS."
 {¶ 8} The trial court found that the Rail Buggy was not in merchantable condition. Snyder Tire Auto claims that the language contained in the invoice waived the implied warranty of merchantability. As such, it contends that the trial court erred in awarding damages to Andress.
 {¶ 9} R.C. 1302.027(A) states:
 {¶ 10} "Unless excluded or modified as provided in section1302.29 of the Revised Code, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."
 {¶ 11} It is undisputed that Snyder Tire Auto is a merchant with respect to the Rail Buggy. Thus, an implied warranty of merchantability would apply unless R.C. 1302.29 excludes or modifies the warranty.
 {¶ 12} R.C. 1302.29, states, in pertinent part:
 {¶ 13} "(B) Subject to division (C) of this section, to exclude or modify the implied warranty of merchantability or any part of it, the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. * * *
 {¶ 14} "(C) Notwithstanding division (B) of this section:
 {¶ 15} "(1) unless the circumstances indicate otherwise all implied warranties are excluded by expressions like `as is', `with all faults', or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty * * *."
 {¶ 16} The invoice states, "90 DAY WARRANTY PARTS ONLY NO REFUND-NO XCHANGE. [sic]" There is no dispute that the language at issue is in writing, is conspicuous and does not mention merchantability. Therefore, the only way the implied warranty of merchantability could be disclaimed is if the statement on the invoice has the "common understanding that calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty."
 {¶ 17} Terms such as "as is" in ordinary commercial usage are understood to mean that the buyer takes the entire risk as to the quality of the goods involved. Schneider v. Miller (1991),73 Ohio App.3d 335, 339.
 {¶ 18} We do not find that the statement made on the purchase invoice is equivalent to an "as is" expression. The language in R.C. 1302.29 is from the Uniform Commercial Code (UCC) and therefore identical to many statutory sections in other states. Though not providing binding authority for this court, a New York civil court has explained that if the goods are defective and the defect breaches the warranty of merchantability of the UCC, then the seller must return the purchaser's money notwithstanding a no-refund policy that is otherwise enforceable. Perel v.Eagletronics (N.Y.City Civ.Ct. 2006), 11 Misc.3d 1075(A),816 N.Y.S.2d 700.
 {¶ 19} In Perel, the holding that the product could be returned for a full refund was based upon two factors. First, it was found that because the product was not fit for the purpose for which it was purchased, the warranty of merchantability was breached. Id. Secondly, the court noted that the merchant failed to show that the refund policy was posted in a conspicuous way as is required by the UCC. Id. Despite the fact that in the matter at hand we do not have an issue with the conspicuous nature of the return policy, the case is still instructive. Here, there is a statement that there are no refunds and no exchanges. Given the above case, the no refunds and no exchanges phrases are not sufficient to portray an "as is" disclaimer. The implied warranty of merchantability is still attached and when goods are found not to be fit for the purpose for which it was purchased, the refund policy is not considered. A refund must be given.
 {¶ 20} Consequently, we find that the phrase that was stated on the invoice does not portray a clear understanding that the buyer takes the entire risk as to the quality of the goods. It is clear from the language on the invoice that there is a 90 day warranty for parts and that there will be no refunds or exchanges, but it is not clear that the Rail Buggy is being sold "as is," or in other words that the implied warranty of merchantability is being waived.
 {¶ 21} This holding does not negate the impact of language on an invoice which states "no refunds, no exchanges." That phrase still means the item could not be returned or exchanged. The only exception to the policy would be if the goods were not of merchantable quality. For example, a customer buys a pair of shoes from a store who has a stated policy, which is in writing and is conspicuous, that there are "no refunds, no exchanges." After buying the shoes, the customer decides that he does not like them, they do not fit, or even that he just changed his mind about buying the shoes. Given the refund policy, the customer cannot return the shoes for a refund or exchange them. However, if when the customer puts the shoes on and wears them for the first time, the glue and stitching fails and the shoes fall apart, regardless of the refund policy, a refund must be given. To be considered merchantable, the goods must be "fit for the ordinary purposes for which such goods are used." R.C.1302.27(B)(3). A pair of shoes that fall apart during the first wearing and thus, cannot be used as shoes do not qualify to be fit for the ordinary purpose for which shoes are used. Since the shoes were not of merchantable quality a refund must be given.
 {¶ 22} As this example shows, the only reason that the goods could be returned when there is a conspicuous written policy of no refunds, no exchanges, would be when the goods are not of merchantable quality. In the matter at hand, the trial court determined that the Rail Buggy was not of merchantable quality. Whether a good is of merchantable quality is a factual issue. Because there was no transcript filed with this court of the hearing that occurred before the trial court, we cannot review the trial court's determination regarding the merchantability of the Rail Buggy. We must presume the regularity of the proceedings below. Milick v. Ciapala, 7th Dist. No. 02CA53, 2003-Ohio-1427.
 {¶ 23} Thus, since we will not disturb the trial court's decision regarding the merchantability of the Rail Buggy and since we find that "NO REFUND-NO XCHANGE [sic]" is not equivalent to an "as is" clause, we find no merit with this assignment of error.
 {¶ 24} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs. DeGenaro, J., concurs.