[Cite as *Banks v. Shark Auto Sales, L.L.C.*, 2022-Ohio-3489.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| MARY BANKS,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>SHARK AUTO SALES LLC,<br><br>Defendant-Appellant. | **CASE NO. 2022-T-0018**<br><br>Civil Appeal from the<br>Warren Municipal Court<br><br>Trial Court No. 2021 CVI 001381 |

## O P I N I O N

Decided: September 30, 2022
Judgment: Reversed and remanded

*Mary Banks*, pro se, 90 Kings Drive, S.W., Warren, OH 44481 (Plaintiff-Appellee).

*James J. Crisan*, Martin F. White Co., LPA, 156 Park Avenue, N.E., P.O. Box 1150, Warren, OH 44482 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Shark Auto Sales, LLC, appeals the judgment of the Warren Municipal Court, awarding damages in the amount of $1,600 in favor of plaintiff-appellee, Mary Banks. For the following reasons, we reverse the judgment of the court below and remand for further proceedings consistent with this opinion.

{¶2} On September 1, 2021, Banks filed a Small Claims Complaint against Shark Auto Sales for a "faulty car." The matter was tried before a magistrate.

{¶3} On December 14, 2021, the magistrate issued Findings of Fact and Conclusions of Law. The magistrate made the following relevant findings of fact:

Plaintiff purchased a 2001 Mitsubishi Galant with 140,088 miles from

the Defendant on 8/19/21 for the total price of $1470.00. With the additional charges of sales tax and other fees, the total was $1600.24. A copy of the purchase agreement was submitted which included a warranty disclaimer, and a specific "as is- No dealer warranty" document signed by the Plaintiff.

In a separate page is listed the following:

"Here is a list of some major defects that may occur in used vehicles. **Frame-cracks, corrective welds, or rusted through".**

Plaintiff admits she did test drive the vehicle and was advised she could take the vehicle anywhere she wanted to be inspected. Plaintiff chose not to have the vehicle inspected.

Plaintiff states she understood she was not paying a great deal of money for the vehicle, and that she might have to put some money into it for repairs, but when she took the vehicle into the repair shop to get struts, she was told by the shop that the vehicle was unsafe, and they would not work on the vehicle as the frame was bad and could not be fixed.

Plaintiff['s] exhibit 2 is from Champion Auto Center and states: **"REAR FRAME IS ROTTED OUT".**

Plaintiff states that when she asked about the vehicle, the salesman stated it was safe and probably needed some new brakes.

Defendant [sic], Nick Minarcik, stated he does work for the Defendant and did sell this vehicle to Plaintiff.

Defendant states he is not a mechanic and did not state he was. The vehicle was purchased from the auction, and neither he nor the dealership did any further inspection of the vehicle except to test drive it (No one looked underneath).

Defendant states he was unaware the frame had any issues, and was not advised of any.

Defendant again re[iterates] that this is an older car, 20 years old,

2

with over 140,000 miles on it. It was purchased "AS IS" and Plaintiff was given every opportunity to inspect it.

**{¶4}** The magistrate found against Shark Auto Sales for the amount of $1,600 plus statutory interest and court costs. The magistrate concluded, under Ohio law, "that a dealer has a duty to exercise reasonable care in making an examination [of a used vehicle] to discover defects therein which would make them dangerous to users. Defendant cannot simply fail to do any examination, and say I was not aware of any major defects. In the instant matter if an inspection was done, the Defendant would have discovered the frame was damaged and unsafe. I find that the damage to the frame substantially impaired the value of the vehicle. I therefore find the Plaintiff may revoke acceptance of the vehicle."

**{¶5}** Shark Auto Sales filed Objections to the Magistrate's Decision which the municipal court overruled on February 8, 2022.

**{¶6}** On March 10, 2022, Shark Auto Sales filed its Notice of Appeal. On appeal, it raises the following assignment of error: "The trial court abused its discretion by denying the Defendant-Appellant's Objections and affirming the Magistrate's Decision."

**{¶7}** The decision to adopt a magistrate's decision is typically reviewed under an abuse of discretion standard. However, when questions of law, such as the interpretation of a contract, are presented, the court of appeals will review the lower court's judgment de novo. *Lucas v. Lucas*, 11th Dist. Lake No. 2007-L-058, 2007-Ohio-5607, ¶ 10; *Southwestern Obstetrics & Gynecology, Inc. v. Mehta*, 10th Dist. Franklin No. 13AP-624, 2014-Ohio-2904, ¶ 9; *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 115 Ohio St.3d 387, 2007-Ohio-5026, 875 N.E.2d 561, ¶ 38 ("[c]ontract interpretation is a matter of law, and questions of law are subject to de novo review on appeal").

3

Case No. 2022-T-0018

{¶8} On appeal, Shark Auto Sales argues the municipal court erred by holding that Banks could rescind the sale of the vehicle as a result of its breach of the duty to inspect the vehicle for defects making it dangerous to users. We agree.

{¶9} A used motor vehicle constitutes "goods" for the purposes of R.C. Chapter 1302 (Ohio's codification of the Uniform Commercial Code) and, therefore, the sale of a used motor vehicle is governed by the provisions of that Chapter. R.C. 1302.01(A)(8) ("'Goods' means all things * * * which are movable at the time of identification to the contract for sale"); *Sellers v. Marrow Auto Sales*, 124 Ohio App.3d 543, 545-546, 706 N.E.2d 837 (12th Dist.1997).

{¶10} The sale of goods in Ohio may entail both express and implied warranties, including the implied warranty that the goods "are fit for the ordinary purposes for which such goods are used." R.C. 1302.27(B)(3); *Raze Internatl., Inc. v. Southeastern Equip. Co., Inc.*, 2016-Ohio-5700, 69 N.E.3d 1274, ¶ 26 (7th Dist.). "[U]nless the circumstances indicate otherwise all implied warranties are excluded by expressions like 'as is', 'with all faults', or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." R.C. 1302.29(C)(1). Additionally, "when the buyer before entering into the contract has examined the goods * * * as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him." R.C. 1302.29(C)(2).

{¶11} "The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it: (1) on the reasonable assumption that its non-conformity would be cured and it has not been

4

seasonably cured; or (2) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances."  R.C. 1302.66(A).

{¶12}  As its basis for allowing Banks to revoke her acceptance, the municipal court held that Shark Auto Sales violated a duty to examine the vehicle before sale for defects rendering its use dangerous.  In support of this holding, the magistrate cited the following cases: *Thrash v. U-Drive-It Co.*, 158 Ohio St. 465, 110 N.E.2d 419 (1953); *Stamper v. Parr-Ruckman Home Town Motor Sales, Inc.*, 25 Ohio St.2d 1, 265 N.E.2d 785 (1971); and *Cannon v. Neal Walker Leasing, Inc.*, 9th Dist. Summit No. 16846, 1995 WL 404961.

{¶13}  *Thrash* was a negligence action brought on behalf of a minor who was allegedly injured by a defective vehicle purchased by his father from the defendant, a dealer in used motor vehicles.  The dealer was "charged with negligence in failing to inspect the truck for defects before resale, in failing to warn plaintiff's father of the misfitted and insecure lock ring, in representing to the purchaser that the truck was in good operating condition, and in placing on the market and selling for use a truck containing a latent and dangerous defect.  *Thrash* at 468.  Judgment was entered for the dealer on the pleadings.  The Ohio Supreme Court held to the contrary that the negligence charge stated a claim: "Although a dealer in used motor vehicles is not an insurer of the safety of the vehicles he sells, he is generally under a duty to exercise reasonable care in making an examination thereof to discover defects therein which would make them dangerous to users or to those who might come in contact with them, and upon discovery to correct those defects or at least give warning to the purchaser.  Such rule is of particular

5

significance where the sale of such a vehicle is accompanied by representations or warranties as to its fitness for use." *Id.* at paragraph four of the syllabus.

{¶14} *Stamper* was also a negligence action brought by persons injured by a defective automobile who were not its purchasers. Although the Supreme Court upheld judgment in favor of the seller of the vehicle, it reaffirmed the holding of *Thrash* and noted that the duty to examine for dangerous defects existed even when a vehicle is sold "as is": "Where a used car dealer sells a vehicle 'as is' he is under a duty to use ordinary care to warn the purchaser of defects of which he has, or by the exercise of reasonable care should have, knowledge; but he is not an insurer, and hence is not liable for injuries to a third party as a result of latent defects in the vehicle." *Stamper* at syllabus.

{¶15} We find the reliance on *Thrash* and *Stamper* misplaced, inasmuch as these cases unquestionably involved tort rather than contract law. These cases recognized that automobile dealers have a duty to exercise reasonable care to examine the used vehicles they sell for defects rendering them dangerous. This duty exists as a matter of law and did not derive from the sales contracts. *See Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989) ("[t]he existence of a duty in a negligence action is a question of law for the court to determine"). As the Supreme Court emphasized, the dealer is not an insurer and so the duty imposed should not be treated as some sort of implied warranty. If it were, then it could be excluded in the manner of other implied warranties as described above. Moreover, the breach of the duty in *Thrash* and *Stamper* resulted in physical injuries proximately caused by the breach. The breach of the duty by Shark Auto Sales did not cause such injury.

{¶16} We acknowledge that in at least one case, *Watkins v. Alwishah*, 7th Dist.

6

Case No. 2022-T-0018

Columbiana No. 20 CO 0018, 2021-Ohio-3589, the "as is" sale of a used vehicle was revoked after it was discovered the frame had rusted to the point of rendering it unsafe to operate. The applicability of *Thrash* was not challenged in *Watkins*, however, inasmuch as the automobile dealer (Alwishah) "acknowledged in his testimony that he was required to have the vehicle inspected prior to placing it for sale, and that he was required to perform repairs to correct any and all dangerous conditions found during the inspection." *Id.* at ¶ 18[1]. We find *Watkins* to be neither controlling nor persuasive. The court recognized that *Thrash* was a negligence case requiring evidence "of a duty on the part of the one sued, failure to perform the duty, and that an injury resulted from this failure." *Id.* at ¶ 23. But the court made no attempt to explain how these elements applied to the revocation of the retail installment contract at issue. Conversely, there is authority holding that, "when a buyer contractually agrees to accept property 'as is,' the seller is relieved of any duty to disclose." *Kaye v. Buehrle*, 8 Ohio App.3d 381, 383, 457 N.E.2d 373 (9th Dist.1983).

{¶17} The third case relied on by the magistrate, *Cannon v. Neal Walker Leasing, Inc.*, 1995 WL 404961, did not involve the dealer's duty to inspect the vehicle before sale. Rather, in *Cannon*, the court of appeals affirmed the revocation of a sales contract for an automobile on the grounds of non-conformity which substantially impaired the value of the vehicle to the buyer. Significantly, the vehicle at issue in *Cannon* was not sold "as is" but under a thirty-day limited warranty during which time implied warranties were not disclaimed. The court concluded that, because the limited warranty was inadequate to

---

1. We note, without comment, that, although Alwishah could acknowledge his duties under the *Thrash* decision, he was "apparently a native Arabic speaker" who claimed "he is unable to understand the English language and is classified as Limited English Proficient." *Id.* at ¶ 9.

Case No. 2022-T-0018

cure the defects in the vehicle without cost to the buyer, its value was substantially impaired: "In a revocation action, once it is established that an item is non-conforming, the issue becomes whether that non-conformity substantially impaired its value to the buyer. Warranty remedies can be indirectly relevant to that determination. If, pursuant to available warranty remedies, the non-conformity can be completely cured and the value to the buyer restored, revocation would be inappropriate. Available warranty remedies, along with any offers of cure by the seller beyond available warranty remedies, therefore, would be relevant to the question of whether the non-conformity substantially impaired the item's value to the buyer." *Id.* at *3. Since the limited warranty in *Cannon* effected less than a complete cure of the non-conformity, the sale could be revoked: "The fact that the Plaintiffs herein were assured by the seller's salesperson of the reliability of the vehicle, a breakdown of the vehicle within two days of purchase, accompanied with the $400 plus possible cost to repair the vehicle that was initially purchased for $1,500, clearly indicates to this Court that this buyer may take advantage of R.C. 1302.66." *Id.* at *4.

{¶18} In situations like the present one, where there has been a repudiation of warranties, revocation based on non-conformity has not been allowed. In *Schneider v. Miller*, 73 Ohio App.3d 335, 597 N.E.2d 175 (3d Dist.1991), the plaintiff attempted to revoke his acceptance after discovering that the vehicle he purchased "as is" had an irreparably rusted frame. The court found in favor of the dealer. The plaintiff's claims based on breach of warranty were rejected "because the car was sold 'as is' without any warranty." *Id.* at 337. The claim for revocation was rejected because the dealer "made no assurances or guarantees that the vehicle was in any certain condition." *Id.* It was further noted that "[a]t no time did appellant testify that he could not have had this vehicle

8

inspected by a mechanic or other knowledgeable person for defects." *Id.* Finally, revocation was precluded because "[a]ppellant has not shown that he accepted this vehicle on the reasonable assumption that its alleged nonconformity would be cured, nor has he shown that such nonconformity was induced by the difficulty of discovery before acceptance or by appellee's assurances." *Id.* at 338. *Also Gallagher v. WMK Inc.*, 9th Dist. Summit No. 23564, 2007-Ohio-6615, ¶ 22 ("[a]s this vehicle carried no warranties, either express or implied, it had no 'non-conformity' for purposes of Section 1302.66 of the Ohio Revised Code").

**{¶19}** In sum, we conclude that Banks was not entitled to revoke the sale. The duty breached by Shark Auto Sales under *Thrash* and *Stamper* applied to negligence claims which were not raised by Banks in the present case. Shark Auto Sales effectively disclaimed any warranties by selling the vehicle "as is" and Banks was given a full opportunity to inspect it for defects. Sold "as is," the vehicle could not be found non-conforming. Accordingly, there were not valid grounds identified by the trial court that would justify the revocation of Banks' acceptance.

**{¶20}** The sole assignment of error is with merit.

**{¶21}** For the foregoing reasons, the judgment of the Warren Municipal Court is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against the appellee.

CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

9

Case No. 2022-T-0018