[Cite as *Lysogorski v. Minerva Motors, L.L.C.*, 2024-Ohio-1943.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## CARROLL COUNTY

DEBORAH A. LYSOGORSKI,

Plaintiff-Appellant,

v.

MINERVA MOTORS, LLC,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 CA 0964**

---

Civil Appeal from the
Carroll County Municipal Court, Carroll County, Ohio
Case No. CVI2200269

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

Deborah A. Lysogorski, *Pro se*, Plaintiff-Appellant and

*Atty. Sheri L. Holda*, Holda Legal & Mediation Services, for Defendant-Appellee.

Dated: May 20, 2024

**HANNI, J.**

{¶1} Plaintiff-Appellant, Deborah A. Lysogorski, appeals from a Carroll County Municipal Court judgment in favor of Defendant-Appellee, Minerva Motors, LLC, on Appellant's small claims complaint alleging Appellee sold her a defective 2005 Ford Expedition, following a bench trial. Appellant, proceeding pro se, raises six assignments of error, which all assert in some way that the trial court's judgment was against the manifest weight of the evidence. Because the trial court's judgment is supported by competent credible evidence, it is affirmed.

{¶2} Appellant is a New York resident. Appellee is an Ohio LLC that sells cars in Minerva, Ohio. In November 2021, Appellant contacted Appellee regarding a 2005 Ford Expedition that Appellee had listed for sale online. The vehicle had 115,102 miles on it and was listed for sale for $6,995.

{¶3} The parties agreed on the sale of the vehicle. Appellant made payments to Appellee of $4,000 on November 20, 2021, and $2,295 on November 22, 2021. Appellant also signed the "Buyer's Guide," which stated in bold print and all capital letters "**AS IS – NO DEALER WARRANTY**." It further stated below in all capital letters, "THE DEALER DOES NOT PROVIDE A WARRANTY FOR ANY REPAIRS AFTER SALE." Appellant also signed a separate document titled "AS-IS – SOLD WITHOUT WARRANTY" that provided: "The seller, identified above, hereby expressly disclaims all warranties, either express or implied, including all implied warranties of merchantability or fitness for a particular purpose and the seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of the vehicle."

{¶4} After Appellant paid for the vehicle and signed the above documents, the parties arranged for Appellee to deliver the vehicle to Appellant's son in Michigan. Appellant's son took possession of the vehicle on or about November 24, 2021. He then drove it to Appellant in New York. Either during his drive to New York, or shortly after delivering the vehicle to Appellant, the "check engine" light began to come on intermittently. According to Appellant, in mid-December 2021, the vehicle became

Case No. 23 CA 0964

inoperable due to engine problems. She stated that the repairs would cost more than the vehicle was worth.

{¶5} On October 31, 2022, Appellant filed a complaint against Appellee. Appellant alleged that within two weeks of purchasing the vehicle, the "check engine" light came on and soon thereafter the vehicle "broke down." She asserted the cost of repairs was more than the cost of the vehicle. Thus, Appellant sought damages in the amount of $6,000.

{¶6} The matter proceeded to a bench trial. The trial court entered judgment in favor of Appellee. It found Appellant could not overcome the fact that Appellee advised her the vehicle was being sold with no warranty. Thus, while the vehicle did have mechanical problems after Appellant took possession, Appellant purchased it with a clear notice that it was being sold "as is."

{¶7} Appellant filed a timely notice of appeal on January 27, 2023. She now raises six assignments of error for our review.

{¶8} Each of Appellant's assignments of error asserts that the trial court's judgment was against the manifest weight of the evidence for a different reason. Thus, the same standard of review applies to each of these assignments of error.

{¶9} When reviewing civil appeals from bench trials, an appellate court applies a manifest weight standard of review. *Revilo Tyluka, L.L.C. v. Simon Roofing & Sheet Metal Corp.*, 193 Ohio App.3d 535, 2011-Ohio-1922, 952 N.E.2d 1181 (8th Dist.), citing App.R. 12(C), *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). Judgments supported by some competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus (1978). *See also, Gerijo, Inc. v. Fairfield*, 70 Ohio St.3d 223, 226, 638 N.E.2d 533 (1994). Reviewing courts must oblige every reasonable presumption in favor of the lower court's judgment and finding of facts. *Gerijo*, 70 Ohio St.3d at 226 (citing *Seasons Coal Co.*, *supra*). In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. *Id.* In addition, the

weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. *Kalain v. Smith*, 25 Ohio St.3d 157, 162, 495 N.E.2d 572 (1986).

**{¶10}** It is with this standard of review in mind that we address Appellant's assignments of error.

**{¶11}** Appellant's first assignment of error states:

THE TRIAL COURT'S JUDGMENT ENTRY FINDING THAT "THROUGH A SERIES OF LONG-DISTANCE COMMUNICATIONS PLAINTIFF PURCHASED A 2005 FORD EXPEDITION ON NOVEMBER 19, 2021" IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶12}** Appellant argues here that she did not have time to review the paperwork Appellee sent her before taking possession of the vehicle. She also suggests that Appellee pre-dated the paperwork to November 19, 2021.

**{¶13}** The testimony as to how Appellant purchased the vehicle was as follows.

**{¶14}** Appellant testified that she saw the vehicle for sale online and contacted Appellee. (Tr. 13). She stated that the price was $6,995. (Tr. 14). Appellant made two payments totaling $6,295: (1) a payment of $4,000 on November 20, 2021; and (2) a payment of $2,295 on November 22, 2021. (Tr. 15; Plaintiff's Ex. D). The Bill of Sale indicates the vehicle was paid in full on November 22, 2021.[1] (Defendant's Ex. 3).

**{¶15}** Jeff McCauley, Appellee's principal member, testified on Appellee's behalf. McCauley stated that because Appellant lived in New York, the parties exchanged paperwork and payment via Fed-Ex. (Tr. 16). He sent Appellant a "Buyers Guide" form and an "As-Is – Sold without Warranty" form. (Tr. 16-17; Defendant's Exs. 1, 2). The forms were dated November 19, 2021, by McCauley's employee. (Tr. 16). Appellant testified that she signed these forms and returned them to McCauley. (Tr. 17-19).

---

[1] The price of the vehicle was listed at $6,995. Appellant testified to making payments totaling $6,295. The parties agree the vehicle was paid in full. There is no indication as to whether the parties agreed to the price of $6,295 or if Appellant made another payment of $700.

**{¶16}** The parties agreed that Appellee would deliver the vehicle to Appellant's son in Michigan. (Tr. 19, 21, 23). Delivery occurred on or about November 24, 2021. (Tr. 19).

**{¶17}** No evidence was presented to the contrary regarding how the sale was completed. Thus, the trial court's finding that, "[t]hrough a series of long-distance communications Plaintiff purchased a 2005 Ford Expedition on November 19, 2021" was not against the manifest weight of the evidence. Perhaps the sale was not completed until November 22, 2021, when payment was made in full, or until November 24, 2021, when the vehicle was delivered. But even if the date was off by a few days, this would not have any bearing on the outcome of the case.

**{¶18}** Accordingly, Appellant's first assignment of error is without merit and is overruled.

**{¶19}** Appellant's second assignment of error states:

THE TRIAL COURT'S JUDGMENT ENTRY FINDING THAT "THE SALE WAS CONSUMMATED BY DOCUMENTS THAT WERE EXCHANGED VIA OVERNIGHT MAIL DELIVERIES" IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶20}** Appellant contends that she received the paperwork for the sale on November 23, 2021, and that was the first time she saw the terms of the sale. She further asserts she had no time to review the paperwork.

**{¶21}** The testimony and evidence set out above support the trial court's finding that, "[t]he sale was consummated by documents that were exchanged via overnight mail deliveries". Additionally, Appellant's own testimony demonstrates that she was well aware of the terms of the sale, regardless of when she may have seen the paperwork:

THE COURT: At any point in time did anyone tell you there was a warranty with that, with this vehicle?

MS LYSOGORSKI: A warning?

THE COURT:  Warranty?

MS LYSOGORSKI:  Oh, warranty.  No.

THE COURT:  So, you knew the vehicle was "as is"?

MS LYSOGORSKI:  I did.

(Tr. 15-16).  There was no evidence at all to indicate Appellant was unaware of the terms of the sale.  Thus, the trial court's judgment was not against the manifest weight of the evidence on this point.

**{¶22}**  Accordingly, Appellant's second assignment of error is without merit and is overruled.

**{¶23}**  Appellant's third assignment of error states:

THE TRIAL COURT'S JUDGMENT ENTRY FINDING THAT "THE PLAINTIFF SIGNED, PRIOR TO DELIVERY OF THE VEHICLE, A 'NOTICE OF VEHICLE SOLD WITHOUT WARRANTY' DOCUMENT (DEFENDANT'S EXHIBIT 2)" IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶24}**  Here, Appellant asserts she had no knowledge of the terms of sale prior to paying for the vehicle in full.

**{¶25}**  Appellant's own testimony supports the court's finding.  Appellant testified that she signed the document titled "AS-IS – SOLD WITHOUT WARRANTY" prior to taking possession of the vehicle.  (Tr. 18-19).

**{¶26}**  Moreover, as discussed in Appellant's second assignment of error, not only did the evidence demonstrate that Appellant signed the documents acknowledging no warranty, her testimony corroborated the fact that she knew the vehicle was being sold "as-is."  She never indicated to the trial court that she was unaware of the "as-is" term of the sale.

Case No. 23 CA 0964

**{¶27}** Based on the above, the trial court's finding on this point is not against the manifest weight of the evidence.

**{¶28}** Accordingly, Appellant's third assignment of error is without merit and is overruled.

**{¶29}** Appellant's fourth assignment of error states:

THE TRIAL COURT'S JUDGMENT ENTRY FINDING THAT "THE DEFENDANT ALSO PROVIDED A COPY OF THE 'BUYER[']S GUIDE AS IS NO WARRANTY', WHICH WAS ALSO PROVIDED TO PLAINTIFF (DEFENDANT'S EXHIBIT 1)" IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶30}** In this assignment of error, Appellant asserts again that she was not informed of the terms of sale until after she fully paid for the vehicle.

**{¶31}** Appellant testified that she received the document titled "BUYERS GUIDE" after she sent the payments to Appellee but before she took possession of the vehicle. (Tr. 17-18). She acknowledged signing the document. (Tr. 17).

**{¶32}** Moreover, towards the end of the trial, the court asked Appellant:

THE COURT: Alright ma'am, so as I understand your position is, is that you bought a vehicle from the Defendant. And . . . there was no warranty discussion. No warranty promised.

MS LYSOGORSKI: No. Never offered, nothing.

(Tr. 32).

**{¶33}** Again, Appellant's own testimony supports the trial court's finding here. The evidence was undisputed that Appellant was aware of the terms of the sale prior to purchasing the vehicle.

**{¶34}** Accordingly, Appellant's fourth assignment of error is without merit and is overruled.

**{¶35}** Appellant's fifth assignment of error states:

Case No. 23 CA 0964

THE TRIAL COURT'S JUDGMENT ENTRY CONCLUSION OF LAW THAT "DEFENDANT COMPLIED WITH OHIO LAW AND PROVIDED A NOTICE OF NO WARRANTY WHICH WAS ACKNOWLEDGED BY THE PLAINTIFF BY HER SIGNATURE AT THE TIME OF THE SALE" IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶36}** Appellant once again argues that she was not informed of the terms of sale until after she fully paid for the vehicle.

**{¶37}** But the evidence was undisputed that Appellant was aware of the terms of the sale.

**{¶38}** Concerning the sale of a used vehicle:

A used motor vehicle constitutes "goods" for the purposes of R.C. Chapter 1302 (Ohio's codification of the Uniform Commercial Code) and, therefore, the sale of a used motor vehicle is governed by the provisions of that Chapter. R.C. 1302.01(A)(8) (" 'Goods' means all things * * * which are movable at the time of identification to the contract for sale"); *Sellers v. Morrow Auto Sales*, 124 Ohio App.3d 543, 545-546, 706 N.E.2d 837 (12th Dist.1997).

The sale of goods in Ohio may entail both express and implied warranties, including the implied warranty that the goods "are fit for the ordinary purposes for which such goods are used." R.C. 1302.27(B)(3); *Raze Internatl., Inc. v. Southeastern Equip. Co., Inc.*, 2016-Ohio-5700, 69 N.E.3d 1274, ¶ 26 (7th Dist.). "[U]nless the circumstances indicate otherwise all implied warranties are excluded by expressions like 'as is', 'with all faults', or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." R.C. 1302.29(C)(1). Additionally, "when the buyer before entering into the contract has examined the goods * * * as fully as he desired or has refused to examine the goods there is no implied warranty

with regard to defects which an examination ought in the circumstances to have revealed to him." R.C. 1302.29(C)(2).

*Banks v. Shark Auto Sales LLC*, 2022-Ohio-3489, 197 N.E.3d 50 (11th Dist.), ¶ 9-10.

**{¶39}** In this case, as discussed above, Appellant was well aware of the fact that the vehicle she was purchasing was being sold "as-is" without any warranty. Appellee told Appellant there was no warranty and Appellant signed two separate documents stating that there was no warranty. She cannot now argue that she was unaware of the terms of sale. Therefore, the trial court's conclusion that Appellee properly advised Appellant was not against the weight of the evidence.

**{¶40}** Accordingly, Appellant's fifth assignment of error is without merit and is overruled.

**{¶41}** Appellant's sixth assignment of error states:

THE TRIAL COURT'S JUDGMENT ENTRY CONCLUSION OF LAW THAT "PLAINTIFF HAS FAILED TO SUSTAIN EVIDENCE TO HER CLAIM. CONSEQUENTLY, JUDGMENT IS GRANTED FOR DEFENDANT" IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶42}** In her final assignment of error, Appellant claims she presented evidence regarding the transaction.

**{¶43}** Appellant is correct in that she did present evidence regarding the sale of the vehicle. But as discussed in each of Appellant's previous assignments of error, the evidence was clear and convincing that Appellant was aware of the "as-is" and no warranty nature of the sale. Thus, the trial court's judgment was not against the manifest weight of the evidence.

{¶44} Accordingly, Appellant's sixth assignment of error is without merit and is overruled.

{¶45} For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, P.J., concurs.

Dickey, J., concurs.

[Cite as *Lysogorski v. Minerva Motors, L.L.C.*, 2024-Ohio-1943.]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Carroll County Municipal Court, Carroll County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**