[Cite as *Johnson v. TKP Auto Sales, Inc.*, 2025-Ohio-2930.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

BEVERLY JOHNSON,

        Plaintiff-Appellant,

- vs -

TKP AUTO SALES, INC.,

        Defendant-Appellee.

**CASE NO. 2025-L-011**

Civil Appeal from the
Willoughby Municipal Court

Trial Court No. 2022 CVI 01553

---

## OPINION AND JUDGMENT ENTRY

Decided: August 18, 2025
Judgment: Reversed and remanded

---

*Beverly Johnson*, pro se, 11811 Phillips Avenue, Cleveland, OH 44108 (Plaintiff-Appellant).

*TKP Auto Sales, Inc.*, 33601 Vine Street, Eastlake, OH 44095 (Defendant-Appellee).

SCOTT LYNCH, J.

{¶1} Plaintiff-appellant, Beverly Johnson, appeals the judgment of the Willoughby Municipal Court, finding in favor of the defendant-appellee, TKP Auto Sales, Inc., on a small claims complaint seeking the refund of money paid toward the purchase of a vehicle. For the following reasons, we reverse the judgment of the court below and remand this case with instructions for judgment to be entered in favor of Johnson.

***Factual and Procedural History***

{¶2} On August 5, 2022, Johnson filed a small claims complaint against TKP Auto Sales for the return of $5,000 paid toward the purchase of a "flawed vehicle."

{¶3} On September 12, 2022, trial was held and the following testimony presented:

{¶4} Johnson testified that she purchased a 2014 Mazda from TKP Auto Sales on June 20, 2022. The vehicle came with a 30-day warranty. Within two days of purchase, the engine light came on. She took the vehicle to the dealer several times during the warranty period, but was "denied any kind of repair or a refund or diagnostics." The final time she took the vehicle to the dealer, she was given a temporary car. That same day, she was advised "that the engine was no good, that the engine had to be replaced."

{¶5} Anthony Kartum testified as the general manager of TKP Auto Sales. He testified that the vehicle was sold "as is" with a disclaimer of implied warranties although "when we sell something we stand behind our vehicle for 30 days." At some point, "an internal engine problem" was discovered and a replacement engine was ordered "at no cost." At the time she was given a temporary vehicle, "they offered to refund her $3500, because the title was already transferred, so the tax money was paid to the County." However, communications with Johnson ceased about this time.

{¶6} Kartum testified that the bank financing the purchase had contacted him and required TKP Auto Sales to buy back the vehicle because the first payment had not been made.

{¶7} Johnson confirmed that she did not make any payments beyond the initial down payment. The first payment was due on August 3 and by that time she had returned the Mazda and purchased another vehicle.

Case No. 2025-L-011

{¶8}     On October 5, 2022, a magistrate ruled in favor of TKP Auto Sales.  Johnson duly filed objections to the magistrate's decision.

{¶9}     On November 25, 2024, the municipal court ruled on the objections and dismissed the complaint.  The court determined, in relevant part, as follows:

> The Court finds Defendant did offer to refund $3,500 of the $5,000 down payment subtracting $1,500 for the costs of tax and transfer.  However, Plaintiff never accepted the offer and instead simply returned the vehicle to Defendant's property and failed to fulfill her obligation with the financing company.  Defendant was required to purchase the vehicle from the financing company and pay the unpaid monthly installment and late fees.
>
> After review of the testimony, exhibits and evidence, the Court finds Plaintiff breached her cont[r]act with Defendant and therefore is not entitled to the refund of her deposit.

### Assignment of Error

{¶10}   On appeal, Johnson raises the following assignment of error:

> The reason Plaintiff request[s] a $5000 refund is because the vehicle had four documented recalls with a nonsalvageable engine.  Defendants failed to fix the engine problem.  Plaintiff has not vehicle to pay taxes on and the vehicle was never transferred [sic].  The vehicle was in Plaintiff's possession for less than forty days.

### Standard of Review

{¶11}   The standard of review generally applicable to small claims proceedings (as well as proceedings involving a magistrate) is abuse of discretion.  *Terrell v. Morgan Furniture*, 2022-Ohio-3981, ¶ 15 (11th Dist.); *Gibson v. Shephard*, 2017-Ohio-1157, ¶ 19 (8th Dist.).

### Applicable Law

{¶12}   The sale of a used motor vehicle is governed by R.C. Chapter 1302, Ohio's codification of the Uniform Commercial Code.  *Lysogorski v. Minerva Motors, LLC*, 2024-

Case No. 2025-L-011

Ohio-1943, ¶ 38 (7th Dist.); *Banks v. Shark Auto Sales LLC*, 2022-Ohio-3489 (11th Dist.), ¶ 9.  "Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."  R.C. 1302.26(A)(1).  An "as is" clause in a sales contract normally excludes any implied warranties.  R.C. 1302.29(C)(1).  However, "express oral warranties made to a buyer can survive an 'as-is' clause." *Mitchell v. Michael J. Auto Sales*, 2022-Ohio-2591, ¶ 18 (1st Dist.).  When the sales contract includes an express warranty in addition to an "as is" clause, "the phrase 'as is' excludes all warranties *except* those expressly made to the buyer."  (Citation omitted.)  *Id.* at ¶ 20.

{¶13}  Where "the buyer rightfully rejects or justifiably revokes acceptance" of goods, "the buyer may cancel and … [recover] so much of the price as has been paid:" R.C. 1302.85(A).

***The municipal court abused its discretion by finding in favor of TKP Auto Sales***

{¶14}  In the present case, the sale of the Mazda to Johnson included an express 30-day warranty.  Johnson testified that she was told by the salesperson that "there's a 30-day return."  Kartum acknowledged that "we stand behind our vehicle for 30 days" and "we tell our customers if there's any issues, bring it back to us."  The Mazda sold to Johnson needed a new engine.  She returned the vehicle to TKP Auto Sales and was offered a limited refund.

{¶15}  The municipal court concluded that Johnson was no longer entitled to a refund because she "never accepted the offer" and/or "failed to fulfill her obligation with the financing company."  Neither circumstance justifies the denial of a refund to Johnson of the full amount of her down payment.

Case No. 2025-L-011

{¶16} The offer that Johnson purportedly refused (she never testified regarding a refund offer) was only a partial refund. TKP Auto Sales asserted the right to deduct tax and title fees but there is no evidence that the express warranty contained this condition. Nor is there any legal reason why Johnson should forfeit her right to claim a full refund simply because she declined the offer of a partial refund.

{¶17} Moreover, the express warranty given by TKP Auto Sales to Johnson is unaffected by any purported breach of Johnson's contract with the financing company. They are separate (albeit related) legal obligations. We further note that the 30-day return period expired on or about July 20, 2022. The first installment payment was not due until August 3. By this time, Johnson had effectively revoked her acceptance by returning the vehicle to TKP Auto Sales. Accordingly, under Ohio commercial law, she was entitled "so much of the [purchase] price as has been paid." R.C. 1302.85(A).

{¶18} The sole assignment of error is with merit.

{¶19} For the foregoing reasons, the judgment of the Willoughby Municipal Court is reversed and this matter is remanded with instructions to enter judgment in favor of Johnson as prayed for in the complaint. Costs to be taxed against the appellee.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-L-011

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is with merit. The order of this court is that the judgment of the Willoughby Municipal Court is reversed and this matter is remanded with instructions to enter judgment in favor of Johnson as prayed for in the complaint.

Costs to be taxed against appellee.

JUDGE SCOTT LYNCH

JUDGE JOHN J. EKLUND,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-011