[Cite as *Miller v. Transp. Office, Inc.*, 2024-Ohio-1104.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

JEREMY B. MILLER ET AL.,

Plaintiffs-Appellants,

v.

TRANSPORTATION OFFICE, INC., DBA

STRAW FOR SALE OHIO, ET AL.,

Defendants-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MO 0015**

---

Civil Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2021-216

**BEFORE:**
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment,
Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. David A. Bosak,* Bailey Javins & Carter, L.C., for Plaintiffs-Appellants and

*Atty. Maria Placanica,* for Defendant-Appellee, Needs Farms, LLC.

Dated: March 21, 2024

**KLATT, J.**

**{¶1}** Appellants, Jeremy and Crystal Miller (husband and wife), appeal from the July 13, 2023 judgment of the Monroe County Court of Common Pleas granting Appellee's, Needs Farms, LLC, motion for summary judgment. On appeal, Appellants assert the trial court erred in granting Appellee's motion for summary judgment. Appellants specifically raise whether a genuine issue of material fact exists as to whether Appellee owned, leased, operated, loaded, controlled, and/or delivered a trailer pertaining to Appellant Jeremy Miller's injury, and as such, owed him a duty of care. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On June 24, 2021, Appellants filed a complaint for negligence and loss of consortium against Transportation Office, Inc., d/b/a Straw for Sale Ohio ("Transportation"), and John Does one through 12. The complaint alleged that Appellant Jeremy Miller sustained injuries on June 30, 2019 when he fell from a trailer he was unloading on the job site of his employer, Precision Pipeline ("Precision"), in Clarington, Ohio. Appellants specifically asserted: Appellant Jeremy Miller was unloading straw from the back of the trailer; he fell out of the trailer; he injured his head and shoulder; they claim his injuries were caused by the poor condition of the trailer which prohibited him from being able to safely unload the bundles of straw; and that the party defendants, collectively, were involved in the "ownership, operation, maintenance, leasing, and/or loading of the subject trailer involved in the subject incident[.]" *See* (6/24/2021 Complaint, p. 2). Transportation filed an answer on July 26, 2021.[1] Appellee, an Ohio limited liability company, answered the complaint as "John Doe" on April 20, 2022.

**{¶3}** On May 2, 2022, Appellants filed a motion for leave to amend their complaint seeking to add Appellee as a named defendant. Appellee opposed the motion one week later. However, on June 6, 2022, the trial court granted Appellants' motion allowing them to amend their complaint to assert claims against Appellee.

---

[1] Appellants voluntarily dismissed their claims against Transportation on October 3, 2022.

Case No. 23 MO 0015

**{¶4}** In their amended complaint, Appellants alleged: Appellee delivered straw to the job site where Appellant Jeremy Miller was allegedly injured; Appellee improperly loaded the trailer with straw; the trailer was in poor condition making it difficult to unload the straw; and as a result, caused Appellant Jeremy Miller to sustain a fall in the process. Importantly, Appellants revealed that the incident report prepared by Precision identifies the subject trailer from which Appellant Jeremy Miller fell as having Pennsylvania license plate "PT-7235R." (5/2/2022 Appellants' Motion for Leave to File Amended Complaint, p. 3, Exhibits C, D). A photo shows Appellant Jeremy Miller lying on the ground at the rear of the trailer with Pennsylvania license plate "PT-7235R." (*Id.*, Exhibit D). Appellee filed an answer to the amended complaint on June 21, 2022.

**{¶5}** On April 27, 2023, Appellee filed a motion for summary judgment asserting it did not own the subject trailer from which Appellant Jeremy Miller fell and that Appellants could not prove Appellee owed them any duty. It is undisputed that Appellee owns no trailers with Pennsylvania license plates or which are licensed or registered in the State of Pennsylvania. As stated, Appellee is an Ohio limited liability company and has no trailers licensed or registered in Pennsylvania. Appellee never owned a trailer with Pennsylvania license plate "PT-7235R." (4/27/2023 Appellee's Motion for Summary Judgment, Exhibit C). In fact, according to the Pennsylvania Department of Transportation, the subject license plate is registered to non-party Faithful Farms in Uniontown, Pennsylvania and was first titled on October 27, 2000. (*Id.*, Exhibit D). Appellants filed a response in opposition on June 2, 2023. Appellee filed a reply 12 days later.

**{¶6}** On July 13, 2023, the trial court granted Appellee's motion for summary judgment.

**{¶7}** Appellants filed a timely appeal raising one assignment of error.

<u>**ASSIGNMENT OF ERROR**</u>

**THE MONROE COUNTY COURT OF COMMON PLEAS ERRED IN GRANTING DEFENDANT NEEDS FARMS' MOTION FOR SUMMARY JUDGMENT.**

{¶8}   In their sole assignment of error, Appellants argue the trial court erred in granting Appellee's motion for summary judgment.  Appellants specifically raise whether "a genuine issue of material fact exist[s] as to whether Defendant Needs Farms owned, leased, operated, loaded, controlled, and/or delivered the 'subject trailer' that pertains to plaintiff's injury, and as such, owed plaintiff a duty of care?" (10/10/2023 Appellants' Brief, p. 8).  Appellants stress that "ownership of the subject trailer is not dispositive of this case and does not single-handedly entitle [A]ppellee to summary judgment."  (11/13/2023 Appellants' Reply Brief, p. 1).   Appellants maintain "[t]he evidence clearly supports [A]ppellants' position that [Appellee] either operated, leased, delivered, loaded and/or otherwise had some control over the subject trailer, which in turn, creates the duty in this case."  (*Id.*)

> An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).
>
> "(T)he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its

burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293, 662 N.E.2d 264. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327, 364 N.E.2d 267.

*Doe v. Skaggs*, 7th Dist. Belmont No. 18 BE 0005, 2018-Ohio-5402, ¶ 10-12.

In order to establish negligence, it is fundamental that the party seeking recovery must show the existence of a duty on the part of the one sued, failure to perform the duty, and that an injury resulted from this failure. *Linker v. Xpress Fuel Mart, Inc.,* 7th Dist. Mahoning No. 17 MA 172, 2018-Ohio-5404, ¶ 9. The issue of whether a duty exists in a negligence action is a question of law. *Laughlin v. Auto Zone Stores, Inc.,* 7th Dist. Mahoning No. 08 MA 10, 2008-Ohio-4967, ¶ 11.

*Watkins v. Alwishah*, 7th Dist. Columbiana No. 20 CO 0018, 2021-Ohio-3589, ¶ 23.

**{¶9}** "In the context of a negligence claim, duty is the threshold issue. *See Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13. Where there is no duty, there can be no negligence." *Kumar v. Sevastos*, 8th Dist. Cuyahoga No. 109795, 2021-Ohio-1885, ¶ 28.

**{¶10}** In order to state a viable negligence claim against Appellee, Appellants needed to prove that Appellee owed a duty to them, that Appellee breached that duty, and that the breach proximately caused the injury. The record is clear, however, that

Appellants cannot prove Appellee owed them any duty as they cannot prove Appellee owned, maintained, or controlled the subject trailer from which Appellant Jeremy Miller fell. Absent a relationship or any control, there can be no duty on behalf of Appellee. As a result, Appellee cannot be held liable to Appellants for negligence.

{¶11} Appellants stress during the requisite 90-day time-period surrounding this incident, Precision invoices reveal the only possible entities the subject trailer could be affiliated with were Transportation and Appellee. Appellant Jeremy Miller indicated the only entities that delivered straw to Precision's yard were Transportation and Appellee. (6/2/2023 Appellants' Response in Opposition to Appellee's Motion for Summary Judgment, Exhibit C, Deposition of Jeremy Miller, p. 35). Appellants note that Transportation had no involvement with the subject trailer and was voluntarily dismissed as a party defendant. Thus, Appellants' claim "based on process of elimination alone, the only possible entity left that could potentially be affiliated with the subject trailer is [A]ppellee[.]" (11/13/2023 Appellants' Reply Brief, p. 2). In addition, Appellants assert "there is evidence that the subject trailer was [the] property of Bostelman Farms, and that [Appellee] purchased straw from Bostelman Farms during this time period in 2019[.]"[2] (*Id.*)

{¶12} Appellants want this court to conclude that because Appellee delivered loads of straw in other trailers to the same job site necessarily implies it must have maintained or controlled the subject trailer here despite Appellee's uncontroverted position it did not own, maintain, or control the trailer. This court, however, will not entertain the speculation proposed by Appellants. *See Jacobs v. Dye Oil, LLC,* 7th Dist. Monroe No. 18 MO 0020, 2019-Ohio-4085, ¶ 73 (a motion for summary judgment cannot be defeated by mere speculation or possibility). This court also will not speculate that Appellee owed Appellants any duty of care in the maintenance of a trailer that it did not own, use, or control. (*Id.*)

{¶13} Appellants claim Steve Needs ("Needs"), co-owner of Appellee, testified to purchasing straw from Bostelman Farms in 2019. Appellants fail to mention, however,

---

[2] Appellants' counsel attempts to create an issue of fact by pointing to a screenshot of a website that purportedly connected Bostelman Farms to the subject trailer several years before the accident. However, as Appellants' counsel conceded during oral argument, his reference to the screenshot of the website is not in the form of Civ.R. 56(C) evidence, and therefore, cannot be considered.

that Needs further testified that Bostelman Farms has never delivered straw to Appellee in one of Bostelman's trailers and Appellee has never attached one of its tractors to Bostelman's trailers. (4/27/2023 Appellee's Motion for Summary Judgment, Exhibit C, 11/15/2022 Deposition of Steve Needs, p. 52).

**{¶14}** Appellee currently owns 106 trailers and seven tractors. (*Id.* at p. 15-16). Needs recalled making deliveries to Precision's Clarington, Ohio yard. (*Id.* at p. 22-23). Needs stated Appellee does not own and never owned trailers with Pennsylvania tags. (*Id.* at p. 31). Specifically, Needs indicated Appellee never owned a trailer with Pennsylvania license plate "PT-7235R." (*Id.* at p. 31-32). Needs does not know and does not remember Appellant Jeremy Miller. (*Id.* at p. 47-48). Needs said Bostelman Farms does the same type of work as Appellee and supplies Appellee with straw. (*Id.* at p. 50-51).

**{¶15}** Appellants also cite to the affidavit of Scott Bostelman, Member of Bostelman Farms, for the proposition that it contains circumstantial evidence upon which reasonable minds could conclude Appellee delivered straw to Appellant Jeremy Miller's worksite in the subject trailer. (6/2/2023 Appellants' Response in Opposition to Appellee's Motion for Summary Judgment, Exhibit F, 9/23/2023 Affidavit of Scott Bostelman). In fact, however, Scott Bostelman's affidavit supports Appellee's position it never leased, rented, purchased, or borrowed any of Bostelman's trailers and it never conducted business with Bostelman Farms related to the purchase or delivery of straw to Precision in 2019. (*Id.*)

**{¶16}** Again, according to the Pennsylvania Department of Transportation, the subject license plate is registered to non-party Faithful Farms in Uniontown, Pennsylvania and was first titled on October 27, 2000. (4/27/2023 Appellee's Motion for Summary Judgment, Exhibit D). As Appellants' arguments are based on conjecture, they do not raise a genuine issue of material fact.

**{¶17}** Upon consideration, the record reveals Appellee did not own, maintain, or control the subject trailer from which Appellant Jeremy Miller fell, identified by Pennsylvania license plate "PT-7235R." In addition, Appellee did not owe Appellants any duty, and in turn, did not breach any duty. Accordingly, the trial court did not err in granting Appellee's motion for summary judgment.

**CONCLUSION**

**{¶18}** For the foregoing reasons, Appellants' sole assignment of error is not well-taken. The July 13, 2023 judgment of the Monroe County Court of Common Pleas granting Appellee's motion for summary judgment is affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed. Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**